# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELIZABETH CLARK-CORRY, )<br>)<br>Plaintiff, )<br>)<br>vs )<br>)<br>STATE OF ILLINOIS DEPARTMENT )<br>OF HUMAN SERVICES, a/k/a )<br>CHOATE MENTAL HEALTH AND )<br>DEVELOPMENT CENTER, )<br>government agency of the State )<br>of Illinois, )<br>)<br>Defendant. ) | Case No. C3 cv- 4232 JPG<br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMAND** |

## COMPLAINT

Comes now the Plaintiff, Elizabeth Clark-Corry, by and through her attorney, John R Schneider of Johnson & Stark, L.L.C., and for her Complaint against the Defendant, State of Illinois Department of Human Services, a/k/a Choate Mental Health and Development Center, states as follows:

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e, *et seq.*). The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law, which rights provide injunctive and other relief for illegal discrimination in employment

2. Plaintiff, Elizabeth Clark-Corry, is an adult female individual and a citizen of the United States who currently resides in Metropolis, Massac County, Illinois

3. Defendant, State of Illinois Department of Human Services, was Plaintiff's employer in Anna, Union County, Illinois, at the time the alleged acts of discrimination

occurred Defendant is, and at all times relevant hereto was, a government agency of the State of Illinois and considered a "Person" in accordance with 42 U.S.C. 2000e(a).

4  Defendant operates and controls Choate Mental Health and Development Center located at Anna, Union County, Illinois

5  At times relevant hereto, Defendant had in its employ Dr Juan Moralez, a staff doctor at Choate Mental Health and Development Center

6  Plaintiff was employed by Defendant beginning June 28, 1999, as a Mental Health Technician Trainee

7.  That the Defendant by and through its agent and/or employee, Dr Juan Moralez, did on or about April 19, 2000, and June 14, 2003, act in a manner as to willfully, intentionally and unlawfully sexually harass Plaintiff by doing the following

    (a) on or about April 19, 2000, Defendant's employee, Dr. Juan Moralez, took Plaintiff into a private examining room whereby he made certain unwelcome sexual advances towards Plaintiff. These advances include inquiries into Plaintiff's marital status and Dr Moralez' offer of taking care of Plaintiff in exchange for companionship; and

    (b) on or about June 14, 2003, Defendant's employee, Dr. Juan Moralez, approached Plaintiff and indicated to her that he has wanted her since she began working at Choate Mental Health Clinic.

8.  That Plaintiff demonstrated to Defendant and its employee, Dr. Juan Moralez, that the conduct by Dr. Moralez was unwelcome when she rejected the

advances, repeatedly complained to Defendant and requested an internal investigation by Defendant and further complained with the Equal Employment Opportunity Commission

9. Dr Moralez' unwelcomed sexual advances toward Plaintiff were sufficiently severe and pervasive in that his actions unreasonably interfered with Plaintiff's ability to work and further caused a hostile, offensive or intimidating work environment for Plaintiff.

10. Defendant is responsible for its employee, Dr. Juan Moralez', conduct because it failed to do the following

    (a) failed to maintain and provide a workplace free of sexual harassment after being made aware of Dr. Juan Moralez' actions towards Plaintiff; and

    (b) failed to fully investigate the complaints filed by Plaintiff and advise Plaintiff of the results of such investigation as set forth in its Administrative Directive regarding sexual harrassment

11. Defendant's conduct in failing to maintain and provide a workplace free of sexual harassment and failing to fully investigate the complaints filed by Plaintiff violates Title VII of the Civil Rights act of 1964, as amended   Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this action for a permanent injunction and other relief is her only means of securing adequate relief Plaintiff is suffering and will continue to suffer irreparable injury as a result of the acts of Defendant

12    Plaintiff has filed a timely charge of discrimination with the Equal Employment Opportunity Commission and has met all administrative prerequisites for the bringing of this action

WHEREFORE, Plaintiff requests that this Honorable Court advance this case on the docket, order a hearing at the earliest practical date, and upon such hearing

A.    Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees and those acting in consort with Defendant, from continuing to violate Plaintiff's civil rights;

B    Issue an order awarding Plaintiff compensatory damages in excess of $50,000.00 and any other appropriate relief necessary to make Plaintiff whole and compensate her for the civil rights violations described above, and

C    Award Plaintiff the costs of this action, including reasonable attorney fees, and such other legal and equitable relief as this Court deems just and proper in the premises

Respectfully submitted,

_____
JOHN R. SCHNEIDER #119735

JOHN R. SCHNEIDER
JOHNSON & STARK, L.L.C
Union Planters Bank Bldg
407 North Kingshighway, Suite 400
Cape Girardeau, MO 63701
Telephone: (573) 335-3300
Facsimile   (573) 335-1978