UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| ELIZABETH CLARK-CORRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. 03 - 4232 - JPG |
| | ) |
| STATE OF ILLINOIS DEPARTMENT | ) |
| OF HUMAN SERVICES, a/k/a | ) |
| CHOATE MENTAL HEALTH AND | ) |
| DEVELOPMENT CENTER, | ) |
| government agency of the | ) |
| State of Illinois, | ) |
| | ) |
| Defendant. | ) |

## ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW the Defendant, DEPARTMENT OF HUMAN SERVICES, STATE OF ILLINOIS, a/k/a CHOATE MENTAL HEALTH AND DEVELOPMENT CENTER, (hereinafter "Defendant"), and for its Answer to Plaintiff's Complaint, states as follows:

1. Defendant admits that Title VII is a federal statute which provides injunctive and other relief. Defendant denies that it discriminated against Plaintiff or that it violated Title VII.

2. Defendant admits the allegations of paragraph 2.

3. Defendant denies that any alleged acts of discrimination occurred as alleged in paragraph 3 of Plaintiff's Complaint, but admits that it was Plaintiff's employer on April 19, 2000 and June14, 2003. Defendant admits that it is and at all times relevant hereto has been a government agency. Further, Defendant affirmatively states that 42 U.S.C. 2000e(a) speaks for itself.

4.      Defendant admits that it operates and controls Choate Mental Health and Development Center located in Anna, Union County, Illinois.

5.      Defendant admits that Dr. Juan Moralez was employed as a staff doctor at Choate Mental Health and Development Center from November 3, 1997 to September 30, 2001.  Defendant denies that Dr. Moralez was an employee of the Department of Human Services at any other time.

6.      Defendant admits that Plaintiff was employed by Defendant beginning June 28, 1999, as a Mental Health Technician Trainee.

7.      Defendant denies that Dr. Juan Moralez was employed by the Defendant on June 14, 2003.  Defendant further denies that Dr. Moralez was acting as an agent of the Defendant through the conduct alleged in paragraph 7.  Defendant denies that the alleged conduct constitutes sexual harassment.  Defendant denies that Plaintiff was sexually harassed while employed by Defendant.  Defendant denies sufficient knowledge or information regarding the remaining allegations of paragraph 7 and therefore denies same and demands strict proof thereof.

8.      Defendant denies that Dr. Moralez was an employee after September 30, 2001.  Defendant denies that Plaintiff repeatedly complained to Defendant.  Defendant further denies that Plaintiff requested an internal investigation.  Defendant denies that Plaintiff complained to the Equal Employment Opportunity Commission regarding the alleged April 19, 2000 incident.  Defendant admits that Plaintiff reported the alleged June 14, 2003 incident to the Equal Employment Opportunity Commission.  Defendant lacks sufficient knowledge to either admit or deny the remaining allegations of paragraph 8 and therefore denies same and demands strict proof thereof.

9. Defendant denies all express and implied allegations in paragraph 9.

10. Defendant denies that Dr. Moralez was an employee after September 30, 2001. Furthermore, Defendant denies each and every allegation set forth in paragraph 10 of Plaintiff's Complaint, including subparagraphs (a) and (b).

11. Defendant denies each and every allegation set forth in paragraph 11 of Plaintiff's Complaint.

12. Defendant denies that Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission and denies that Plaintiff has met all administrative prerequisites for the bringing of this action.

Defendant denies that Plaintiff is entitled to any of the relief sought in the Complaint.

WHEREFORE, Defendant DEPARTMENT OF HUMAN SERVICES, STATE OF ILLINOIS, prays this Court enter judgment against the Plaintiff, and for the Defendant, and for its costs incurred herein.

## Affirmative Defenses

1. Plaintiff failed to timely file a charge of discrimination.

2. From March 15, 2001 to September 24, 2002, Plaintiff did not work at Choate Mental Health Facility. Therefore, the alleged incidents of April 19, 2000 and June 14, 2003 could not have been part of the same work environment.

3. Plaintiff failed to timely take advantage of the Defendant's policies to prevent and correct sexual harassment.

4. Defendant exercised reasonable care to prevent and correct any sexual harassment against Plaintiff of which Plaintiff complained.

WHEREFORE, Defendant DEPARTMENT OF HUMAN SERVICES, STATE OF ILLINOIS, prays this Court enter judgment against the Plaintiff, and for the Defendant, and for its costs incurred herein.

        Respectfully submitted,

        DEPARTMENT OF HUMAN SERVICES,
        STATE OF ILLINOIS,

            Defendant,

        LISA MADIGAN, Attorney General,
        State of Illinois,

Thomas H. Klein, #6271653        Attorney for Defendant,
Assistant Attorney General
500 South Second Street
Springfield, IL   62706        By   /s/ Thomas H. Klein
(217) 785-4555                    Thomas H. Klein
                                    Assistant Attorney General

Of Counsel.

## CERTIFICATE OF SERVICE

      I hereby certify that on September 16, 2004, I electronically filed the foregoing Answer with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

>Mr. John R. Schneider
>Johnson & Stark, L.L.C.
>Union Planters Bank Bldg.
>407 North Kingshighway, Suite 400
>Cape Girardeau, MO   63701
>sbgjsllc@clas.net

and I hereby certify that on September 16, 2004, I mailed by United States Postal Service, the document to the following non-registered participant:

>None.

                     Respectfully submitted,

                     /s/ Thomas H. Klein
                     Thomas H. Klein, #6271653
                     Assistant Attorney General
                     500 South Second Street
                     Springfield, IL  62706
                     Telephone:  (217) 785-4555
                     Facsimile:  (217) 524-5091
                     tklein@atg.state.il.us